## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOUIR
## EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. PETERKA, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.:  4:14-cv-00823 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MAPLEWOOD and | ) | |
| SERGEANT ANTHONY CAVANAUGH | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Timothy D. Peterka, by and through the undersigned counsel, and for his First Amended Complaint, states as follows:

### NATURE OF THE CASE AND JURISDICTION

1. This is a civil action under 42 U.S.C § 1983 with pendant state law claims seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and the State of Missouri.  Defendants jointly and severally deprived Plaintiff of his right to be free from unreasonable seizures and unreasonable force.  U.S. Const. amends. IV, and XIV.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367

1

supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over all the Defendants because: (1) they transacted business within this state; and (2) they committed a tortious act within this state.

4. Venue is proper in the Court under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's causes of action herein occurred and had an effect in St. Louis County, Missouri.

## PARTIES

5. Plaintiff, Timothy Peterka, commonly known as Timoth (hereinafter referred to as "Timoth") is a resident of St. Louis County, Missouri with an address of 909 Danton Court, Manchester, MO 63011.

6. Defendant City of Maplewood ("City") is a municipal corporation acting pursuant to the laws of the State of Missouri. The City is a "person" subject to suit within the meaning of 42 U.S.C. Section 1983 and is not entitled to sovereign or other immunity for these actions.

7. Defendant Anthony Cavanaugh ("Sergeant Cavanaugh") resides in St. Louis, County Missouri. The acts and omissions complained of herein arose in the course and scope of his employment with the City and under color of state law. Sergeant Cavanaugh is not entitled to qualified or other immunity for these actions. He is sued for damages in his individual capacity.

## FACTS

8. In the early morning hours of Saturday, February 23, 2014, Timoth and Lucinda Martin intended to look through grocery store dumpsters for recently discarded yet untainted food to collect and to distribute to the homeless or less fortunate. Timoth has engaged in this charitable

effort during winter months for about three years and has provided food to several charitable organizations as well as needy families and individuals.

9. Timoth and Lucinda arrived at the back of Gordon's Food Service in Deer Park Plaza in Maplewood to source food from the store's dumpster.

10. Within two minutes or their arrival, the Maplewood police arrived and Timoth immediately exited the dumpster.

11. Officer Boucher asked Timoth and Lucinda what they were doing. Timoth and Lucinda explained that they were trying to retrieve over 100 newly discarded eggs to help feed the homeless and needy families.

12. Within another two minutes of Officer Boucher's arrival, Sergeant Cavanaugh arrived at the scene.

13. When Sergeant Cavanaugh arrived and during the entire encounter, he appeared to be very aggressive, irate, disproportionately hostile, and amped with an angry demeanor as if he was under the influence of a narcotic.

14. Sergeant Cavanaugh eventually asked Timoth for identification, which Timoth did not have with him at the time. He provided the police with the name by which he is commonly known ("Timoth") and his correct address.

15. Within another few minutes, Officer Brown arrived at the scene.

16. Sergeant Cavanaugh ordered Timoth to sit down on the ground. Timoth followed his orders without any physical or verbal resistance.

17. While Timoth was seated, Officer Brown returned to the squad car to search for Timoth's information. Sergeant Cavanaugh continued to berate Timoth while Timoth continued to apologize and ask if he could leave.

18.     Officer Brown was able to quickly confirm Timoth's identification with the information that Timoth provide to the officers.

19.     Officer Brown then, after standing Timoth up, questioned Timoth about why he lied about his name since his full name is Timothy rather than "Timoth." Sergeant Cavanaugh and Officer Brown berated him for not knowing his social security number.

20.     Sergeant Cavanaugh ordered Timoth to turn around and face the wall.  Upon turning around and taking one step towards the wall with his hands in the air and visible at all times, Sergeant Cavanaugh yanked Timoth back by the hood of his jacket.

21.     Confused by Sergeant Cavanaugh's conflicting orders, Timoth turned his head back towards Sergeant Cavanaugh, who then violently and intentionally kicked Timoth's feet out from under him slamming Timoth to the ground face first.  Timoth's chin immediately split open and he felt severe pain in his wrist.

22.     While on the ground bleeding heavily, Sergeant Cavanaugh and Officer Brown dropped their knees on Timoth's back and yanked his arms back to place him in handcuffs behind his back.  Timoth continued to offer no resistance.  The officer's force left Timoth with cracked ribs and a photographed visible pattern contusion on his thigh.

23.     Sergeant Cavanaugh continued spitting chew tobacco on the ground while berating Timoth.  The blood pool and spit stains were photographed and preserved.

24.     During this time, Officer Boucher had escorted Lucinda around the corner of her vehicle at Cavanaugh's direction and she was explicitly disallowed from witnessing Sergeant Cavanaugh's physical attack of Timoth.  Sergeant Cavanaugh then ordered Officer Boucher to give Lucinda a field sobriety test.

25.      At no time did any officer tell Timoth and he was under arrest or Mirandize him.

4

26. Since Timoth was both in shock and injured from Sergeant Cavanaugh's attack, an ambulance was called to the scene.

27. Timoth was taken by ambulance to St. Mary's Health Center and was escorted by Officer Brown who spoke with Timoth in detail about Timoth's philanthropic and missionary work in Africa and around the world.

28. While Timoth was waiting to get treated from Sergeant Cavanaugh's attack, he asked Officer Brown if he was under arrest. Officer Brown told Timoth that he was under arrest but did not know why. Timoth was never Mirandized.

29. Timoth was then taken to Richmond Heights detention center and placed in a holding cell and processed. It wasn't until Lucinda posted Timoth's $750 bond the next morning that he discovered he was arrested for "resisting arrest" and "failure to comply."

30. Due to Sergeant Cavanaugh's assault, Timoth required 11 stitches, and suffered from a sprained wrist, and cracked ribs. There is now a permanent scar on Timoth's face from the laceration on his chin. Timoth also continues to experience severe chest pain as well as mental distress from Sergeant Cavanaugh's attack.

31. Timoth will require plastic surgery for the scar on his face, has been diagnosed with a consequential anxiety disorder, and continues to receive mental health treatment not previously required.

**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983**

32. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

5

suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

33. Plaintiff alleges that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

   a. By using excessive force in the course of Sergeant Cavanaugh's attempt to seize the Plaintiff, in violation of the Fourth Amendment and its reasonableness standard. This action resulted directly and only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable; and

   b. Defendants' violations of Plaintiff's constitutional rights resulted in his physical and mental injuries to Plaintiff.

## COUNT I

## 42 U.S.C. § 1983—PEACE OFFICER LIABILITY

### (Against Sergeant Cavanaugh)

34. Plaintiff incorporates herein by this reference, as if the same were fully stated herein, each and every one of its allegations from Paragraphs one through 31.

35. Plaintiff brings a claim against Sergeant Cavanaugh, individually as well as in his official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

36. At all material times, Sergeant Cavanaugh was acting under color of state law as an agent and employee of Defendant, the City of Maplewood ("City"). Defendant was acting in the course and scope of his duties as a Maplewood Police Sergeant at the time he attacked Timoth.

37. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See Graham v. Connor, 490 U.S. 386,

6

398 (1989).  The facts and circumstances of this case show that Defendant Cavanaugh's act of attacking and spitting on Plaintiff was clearly unreasonable.

38. At the time of the incident, Sergeant Cavanaugh had no reason to believe that Timoth was armed or dangerous.  Timoth made no violent movements towards Cavanaugh or any other person that could be interpreted as threatening.  Timoth made no verbal threats to Sergeant Cavanaugh or any other person.  Finally, Timoth was unarmed and did not have any weapon or dangerous device readily at hand.

39. Sergeant Cavanaugh did not have a reasonable fear of imminent bodily harm when he assaulted Timoth nor did Sergeant Cavanaugh have a reasonable belief that any other person was in danger of imminent bodily harm from Timoth. Assaulting Timoth was unwarranted under these circumstances, and was objectively unreasonable when comparing or balancing the amount of force used against the need for the force.

40. Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Sergeant Cavanaugh violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his injuries.

41. In attacking and spitting on Plaintiff, Defendant Sergeant Cavanaugh acted maliciously and oppressively, in willful and conscious disregard of Plaintiff's rights and safety and with the sole intent to harm Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount to be determined by proof at trial.

42. Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 42 U.S.C. § 1988. Plaintiffs thereby request that the Court and jury award their attorney's fees and expenses.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendant in an amount that is fair and reasonable, together with interest and costs, for punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 and such other and further relief as this Court shall deem proper.

## COUNT II

### 42 U.S.C. § 1983—MUNICIPAL LIABILITY

### (Against City of Maplewood)

43. Plaintiff incorporates herein by this reference, as if the same were fully stated herein, each and every one of its allegations from Paragraphs one through 31.

44. Plaintiff pleads that his constitutional rights were violated when he was attacked by Sergeant Cavanaugh. The Plaintiffs' injuries directly resulted from Sergeant Cavanaugh's excessive use of force.

45. The City of Maplewood is also liable under 42 U.S.C. § 1983 for failing to supervise and train its police officers, and for overlooking and covering up officer misconduct.  In addition, Plaintiff believes the City had a pattern and/or practice of not disciplining police officers for their conduct, thereby implicitly sanctioning the police officers' actions, which amounted to a departmental policy of overlooking constitutional violations. The City's failure to adequately supervise and train its police officers, and the City's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to people's rights including the right to free from unreasonable seizure and unreasonable force.

46. Defendant City is liable for the constitutional torts of Sergeant Cavanaugh because the City sanctioned the following customs, practices, and policies:

8

   a. Using excessive force to carry out otherwise routine arrests or stops;

   b. Using excessive force when such force is not necessary or permitted by law;

   c. Ignoring the serious need for training and supervision of its officers in regards to the use of force;

   d. Failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control;

   e. Failing to adequately supervise and/or observe its officers;

   f. Failing to adequately train officers regarding the availability of alternative means of detaining persons other than the use of force.

   g. Failing to discharge officers who have shown a pattern or practice of using excessive force; and

   h. Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

47. At the time Sergeant Cavanaugh attacked Timoth, Sergeant Cavanaugh was acting pursuant to an official city policy, practice or custom of overlooking and/or authorizing police officer's excessive use of force.

48. The City's policy was a direct cause of Plaintiffs' injuries. In particular, the City's policy caused Timoth to be deprived of his constitutional rights to be free from unlawful seizures and objectively unreasonable force under the Fourth and Fourteenth Amendments as applied through 42 U.S.C. Section 1983.

49. Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiffs thereby request that the Court and jury award their attorney's fees and expenses.

9

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendant in an amount that is fair and reasonable, together with interest and costs, for punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 and such other and further relief as this Court shall deem proper.

## COUNT III

## ASSAULT AND BATTERY

### (Against Sergeant Cavanaugh)

50. Plaintiff incorporates herein by this reference, as if the same were fully stated herein, each and every one of its allegations from Paragraphs one through 31.

51. At all times mentioned herein, Defendant Sergeant Cavanaugh was a duly-appointed, qualified, and acting as a police officer for the City of Maplewood, County of St. Louis, State of Missouri.

52. On February 23, 2014, Defendant Sergeant Cavanaugh, while acting in his official capacity, commanded Plaintiff to turn around to face the wall while he was behind Plaintiff. When Plaintiff was in the act of doing so, Defendant Sergeant Cavanaugh intentionally grabbed Plaintiff and kicked Plaintiff's feet out from under him, slamming Plaintiff to the ground face first. .

53. At the time of the attack, Plaintiff was engaged in peaceful philanthropic conduct, unarmed, unassuming, obeying all of the officer's orders, and not the physical equal of the bulked-up Defendant Sergeant Cavanaugh.

54. As a result of the beating and spitting on Plaintiff, Plaintiff suffered from a severe laceration on Plaintiff's face requiring eleven stitches, sprained wrist, cracked ribs, and severe mental and emotional distress. Plaintiff has sustained severe physical pain and mental suffering

as the result of the injuries and has been under treatment for the injuries at considerable expense for services and for medicines, the exact amount of which is not yet determined.

55. By reason of the above, Plaintiff has been damaged by Defendant Sergeant Cavanaugh.

56. The acts of Defendant Sergeant Cavanaugh were done intentionally, with the malicious intent to injure Plaintiff, and with an absolute disregard for the health, safety, and welfare of Plaintiff.

57. As a direct and proximate result of Defendant Sergeant Cavanaugh's conduct Plaintiff suffered physical injury, fright, shock, and extreme mental anguish and had to be placed under the care of a physician. Accordingly, Plaintiff has suffered general compensatory damages.

58. As a direct and proximate result of Defendant Sergeant Cavanaugh's conduct, Plaintiff was required to obtain medical services and treatment and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

59. In striking and stomping on Plaintiff, Defendant Sergeant Cavanaugh acted maliciously and oppressively, in willful and conscious disregard of Plaintiff's rights and safety and with the sole intent to harm Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount to be determined by proof at trial.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendant in an amount that is fair and reasonable, together with interest and costs, and for punitive damages and such other and further relief as this Court shall deem proper.

**RESPONDEAT SUPERIOR AS TO COUNT III**

60. At the time of the incident, Defendant Sergeant Cavanaugh was an employee, agent, and/or servant of Defendant the City of Maplewood. Defendant Cavanaugh was acting within the course and scope of his employment with said Defendant at the time of the incident made the basis of this lawsuit. Upon information and belief, the City of Maplewood's insurance policy, pursuant to RS.Mo § 537.601-1, waives sovereign immunity for the torts at issue in this matter. As such, said Defendant City of Maplewood is responsible for the conduct of Defendant Cavanaugh.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendant, City of Maplewood for any amount of a judgment against Defendant Sergeant Cavanaugh and such other and further relief as this Court shall deem proper.

Respectfully submitted,

**COSGROVE LAW GROUP, LLC**

/s/David B. Cosgrove
David B. Cosgrove, MB #40980
8021 Forsyth Blvd.
St. Louis, Missouri 63105
Telephone: (314) 563-2490
Facsimile: (314) 968-7371
E-mail: dcosgrove@cosgrovelawllc.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

A copy of the foregoing filed electronically with the Clerk of the Court this 16th day of May, 2014, to be served by operation of the Court's electronic filing system upon the following: Peter J. Dunne and Robert T. Plunkert, Counsel for Defendants, 100 South Fourth Street, Suite 400, St. Louis, MO 63102, dunne@pspclaw.com plunkert@pspclaw.com

/s/David B. Cosgrove