# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. PETERKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV000823 ERW |
| | ) | |
| CITY OF MAPLEWOOD and | ) | |
| SERGEANT ANTHONY CAVANAUGH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on "Defendants' Motion to Dismiss Count IV" [ECF No. 16].

### I. BACKGROUND

On April 1, 2014, Plaintiff Timothy D. Peterka ("Plaintiff") filed a Petition for Damages in the Twenty-First Judicial Circuit, St. Louis County, Missouri, asserting claims against Defendants City of Maplewood ("Maplewood") and Sergeant Anthony Cavanaugh ("Cavanaugh") (collectively referred to as "Defendants"), under 42 U.S.C. § 1983 [ECF No. 1-1]. Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, on April 29, 2014 [ECF No. 1]; and they filed an Amended Notice of Removal on April 30, 2014 [ECF No. 10].

Thereafter, Plaintiff filed a First Amended Complaint, asserting the following claims: Count I – 42 U.S.C. § 1983 (Peace Officer Liability); Count II – 42 U.S.C. § 1983 (Municipal Liability); Count III – Assault and Battery (against Cavanaugh only); and Count IV – Respondeat Superior as to Count III (not denominated in Amended Complaint, but referred to as "Count IV" for purposes of this discussion) [ECF No. 13].

Defendants filed their Motion to Dismiss Count IV on May 30, 2014, contending Plaintiff's respondeat superior claim must be dismissed on the basis of the doctrine of sovereign immunity and failure to plead a claim upon which relief may be given [ECF No. 16]. On June 9, Plaintiff filed his Response to the Motion to Dismiss, and Defendants filed their Reply on June 10, 2014 [ECF Nos. 17, 18]. Plaintiff subsequently filed a Motion for Leave to File a Sur-Reply, which the Court denied on June 12, 2014 [ECF Nos. 19, 20].

## II. LEGAL STANDARD: MOTION TO DISMISS

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted.

*Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

As pertinent to Defendants' Motion to Dismiss Count IV, the Court accepts the following well-pleaded facts, as alleged in the Amended Complaint [ECF No. 13], as true.

On February 23, 2014, Plaintiff and a female companion arrived at the back of Gordon's Food Service in Deer Park Plaza in Maplewood, to source food from the store's dumpster for distribution to the homeless or less fortunate. Within two minutes of the couple's arrival at the dumpster, Maplewood police arrived. Plaintiff immediately exited the dumpster. When the first responding officer asked the couple what they were doing, they explained they were trying to retrieve over 100 newly discarded eggs to help feed the homeless and needy families.

Within two minutes of the first officer's arrival, Officer Cavanaugh arrived at the scene. At all times relevant to this matter, Cavanaugh was a duly-appointed, qualified, police officer acting on behalf of Maplewood. When Cavanaugh arrived, he appeared to be very aggressive, irate, disproportionately hostile; he maintained this demeanor throughout the entire encounter. Cavanaugh eventually asked Plaintiff for identification, which Plaintiff did not have with him. Plaintiff provided the police with his correct address, and the name by which he is commonly known, "Timoth." A third officer arrived at the scene within a few more minutes.

Cavanaugh ordered Plaintiff to sit down on the ground.  Plaintiff followed Cavanaugh's orders without any physical or verbal resistance.  While Plaintiff was seated, the third officer returned to the squad car to search for Plaintiff's information.  Cavanaugh continued to berate Plaintiff, while Plaintiff continued to apologize and ask if he could leave.  The third officer was able to confirm Plaintiff's identification quickly with the information Plaintiff had provided.  After standing Plaintiff up, the third officer questioned Plaintiff as to why he had lied about his name, because Plaintiff's full name is Timothy, rather than "Timoth."  Cavanaugh and the third officer berated Plaintiff for not knowing his social security number.

Cavanaugh ordered Plaintiff to turn around and to face a wall.  When Plaintiff turned around, taking one step toward the wall with his hands in the air and visible at all times, Cavanaugh yanked Plaintiff back by the hood of his jacket.  Confused by Cavanaugh's conflicting orders, Plaintiff turned his head back towards Cavanaugh, who then violently and intentionally kicked Plaintiff's feet out from under him, slamming Plaintiff to the ground face first.  Plaintiff's chin immediately split open, and he felt severe pain in his wrist.

Plaintiff remained on the ground, bleeding heavily.  Cavanaugh and the third officer dropped their knees on Plaintiff's back and yanked his arms back to place him in handcuffs behind his back.  Plaintiff continued to offer no resistance.  The officers' force left Plaintiff with cracked ribs, and a pattern contusion on his thigh.

During this time, the first officer, at Cavanaugh's direction, escorted Plaintiff's female companion around the corner of her vehicle, and Plaintiff's companion "was explicitly disallowed from witnessing Sergeant Cavanaugh's physical attack of Timoth."  Cavanaugh also ordered the first officer to give Plaintiff's companion a field sobriety test.

At no time did any officer tell Plaintiff he was under arrest, or Mirandize him. An ambulance was called to the scene, because Plaintiff was in shock and injured from Cavanaugh's attack. Plaintiff was taken by ambulance to St. Mary's Health Center. Plaintiff was escorted by the third officer, who spoke with him in detail about Plaintiff's "philanthropic and missionary work in Africa and around the world." While Plaintiff waited for treatment, he asked the third officer if he was under arrest. The officer told Plaintiff he was under arrest, but the officer did not know why.

Plaintiff was then taken to the Richmond Heights detention center, where he was placed in a holding cell and processed. When his companion posted Plaintiff's bond the next morning, Plaintiff discovered he had been arrested for "resisting arrest," and "failure to comply."

Plaintiff's injuries required eleven stitches. Plaintiff also suffered a sprained wrist and cracked ribs. Plaintiff has a permanent scar on his face from the laceration on his chin. He continues to experience severe chest pain and mental distress, as a result of Cavanaugh's attack. Plaintiff will require plastic surgery for the scar on his face. He has been subsequently diagnosed with an anxiety disorder, and continues to receive mental health treatment he previously had not required.

Cavanaugh's acts were done intentionally, with the malicious intent to injure Plaintiff, and with an absolute disregard for Plaintiff's health, safety, and welfare. In striking and stomping on Plaintiff, Cavanaugh acted maliciously and oppressively, in willful and conscious disregard of Plaintiff's rights and safety, and with the sole intent to harm Plaintiff. At the time of the incident, Cavanaugh was an employee, agent, or servant of Maplewood, and was acting in the course and scope of his employment with Maplewood.

In their Motion to Dismiss, Defendants contend Plaintiff's fourth claim, asserting a cause of action against Maplewood on the basis of respondeat superior, must be dismissed due to the application of the doctrine of sovereign immunity and for insufficient pleading. Defendants specifically argue Plaintiff has failed to plead an exception to the general rule that public entities are immune from tort liability.

In his "Response in Opposition to Defendants' Motion to Dismiss" [ECF No. 17], Plaintiff argues Count IV should not be dismissed, asserting the Amended Complaint alleges Maplewood has waived sovereign immunity by purchasing liability insurance for tort claims such as are at issue in this matter. In his fourth count, denominated "Respondeat Superior as to Count III," Plaintiff states, "Upon information and belief, the City of Maplewood's insurance policy, pursuant to RS.Mo § 537.601-1, waives sovereign immunity for the torts at issue in this matter." Plaintiff contends: "As such, said Defendant City of Maplewood is responsible for the conduct of Defendant Cavanaugh." [ECF No. 13 at 12].

Plaintiff contends Missouri Revised Statutes § 537.610.1[1] "explicitly waives sovereign immunity for 'the maximum amount of and only for the purposes covered by such policy of insurance purchased[.]'" (quoting Mo. Rev. Stat. § 537.610.1) [ECF No. 17 at 2]. Plaintiff further contends Missouri Revised Statutes § 71.185, read in conjunction with § 537.610.1, operates as a waiver of sovereign immunity for the torts at issue in this suit. Plaintiff asserts that, although the Amended Complaint lacks an express citation to Section 71.185, his allegations are

---

[1] The Amended Complaint's reference to "RS.Mo § 537.601-1" is apparently a typographical error, as Chapter 537 does not contain that section. The statute providing for a public entity's purchase of liability insurance for tort claims, and limiting waiver of immunity, is Missouri Revised Statute § 537.610, which states, in relevant part: "Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state." Mo. Rev. Stat. § 537.610.1.

adequate to survive a motion to dismiss. However, Plaintiff alternatively requests leave to amend his pleading to specifically cite the statute, should the Court disagree.

In their Reply, Defendants contend Maplewood need not prove the applicability of an exception to the doctrine of sovereign immunity, because Plaintiff bears the burden of pleading and proving a statutory exception applies [ECF No. 18]. They argue Plaintiff's Amended Complaint is insufficient to satisfy the requirements of Federal Rule of Civil Procedure 8, because it "fails to state anything more than a 'formulaic recitation' or a conclusion that some insurance policy, purchased by the City of Maplewood, waived sovereign immunity."

In Count IV, Plaintiff seeks to hold Maplewood liable for Cavanaugh's violations of state law, under the doctrine of respondeat superior. "Respondeat superior is not a basis for municipality liability." *Cunningham v. Hinrichs*, No. 12-785, 2013 WL 6068881 at *8 (E.D. Mo. Nov. 18, 2013)(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Under Missouri Revised Statutes § 537.600, public entities, such as Maplewood, are entitled to sovereign immunity when they are engaged in governmental functions, unless immunity is statutorily waived, abrogated, or modified. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136-37 (Mo. Ct. App. 2009). Thus, to survive Defendants' Motion to Dismiss, Plaintiff's Amended Complaint, viewed in its most favorable light, must plead facts, which if taken as true, establish Plaintiff's claim is within an exception to sovereign immunity. *Id*. at 137. "[P]laintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity." *Id*. Plaintiff contends that, by purchasing liability insurance, the City waived sovereign immunity for such torts as the assault and battery claims Plaintiff asserts in Count III of his Amended Complaint.

In Missouri, public entities may waive immunity to the extent they have obtained tort liability insurance coverage for specific purposes. *Richardson*, 293 S.W.3d at 136, n. 3; Mo. Rev. Stat. §§ 71.185 (municipalities), 537.610.1 (other public entities). Section 71.185.1 provides:

> Any municipality engaged in the exercise of governmental functions may carry liability insurance and pay the premiums therefor to insure such municipality and their employees against claims or causes of action for property damage or personal injuries, including death, caused while in the exercise of the governmental functions, and shall be liable as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried.

Mo. Rev. Stat. § 71.185.1.

Plaintiff's Amended Complaint has alleged facts, which if taken as true and construed most favorably, sufficiently state against Cavanaugh a facially plausible assault and battery claim. *See Neal v. Helbling*, 726 S.W.2d 483, 487 (Mo. Ct. App. 1987)(police officer may be liable for assault and battery only when in the performance of his duty he uses more force than reasonably necessary in effecting an arrest). In Count IV, Plaintiff contends Maplewood is liable for Cavanaugh's tortious behavior. Count IV, in its entirety, states:

> At the time of the incident, Defendant Sergeant Cavanaugh was an employee, agent and/or servant of Defendant the City of Maplewood. Defendant Cavanaugh was acting within the course and scope of his employment with said Defendant at the time of the incident made the basis of this lawsuit. Upon information and belief, the City of Maplewood's insurance policy, pursuant to RS.Mo § 537.601-1 (sic), waives sovereign immunity for the torts at issue in this matter. As such, said Defendant City of Maplewood is responsible for the conduct of Defendant Cavanaugh.

Without knowing more, this Court is unable to determine if Maplewood has insurance coverage that waives its immunity for torts arising from the exercise of a governmental function by one of its police officers. In order to plead a cause of action against a municipality such as Maplewood,

Plaintiff must affirmatively plead § 71.185, or facts that would bring them within the statute's purview. *See Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 297 (Mo. Ct. App. 1983). The Court finds that, although the Amended Complaint lacks express citations to the applicable statutes, its allegations are adequate to survive a motion to dismiss. Plaintiff has alleged facts that, if proved, would establish Plaintiff's claim is within an exception to sovereign immunity. At this juncture in the proceeding, where discovery has not commenced, Plaintiff is not able to prove the existence and content of an insurance policy purchased by Maplewood. The Court finds Plaintiff is entitled the opportunity to prove if, and to what extent, Maplewood maintains liability insurance that covers the state tort claim the Amended Complaint asserts against Cavanaugh. The Court will deny Defendants' Motion to Dismiss Count IV, and will grant Plaintiff leave to plead properly the applicable statutory provisions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count IV [ECF No. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint to plead the applicable statutory provisions. Plaintiff shall file his Second Amended Complaint no later than **July 15, 2014**.

So Ordered this 9th day of July, 2014.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**