# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY D. PETERKA, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 4:14-cv-00823 |
| ) | |
| v. ) | |
| ) | |
| CITY OF MAPLEWOOD and ) | |
| SERGEANT ANTHONY CAVANAUGH ) | |
| ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO COMPEL
## DIRECTED AT DEFENDANT CITY OF MAPLEWOOD

COMES NOW Plaintiff Timothy Peterka, by and through his counsel, Cosgrove Law Group, LLC, and, pursuant to Rule 37(a)(3)(b) of the Federal Rules of Civil Procedure, for his Motion to Compel Directed at Defendant City of Maplewood, states:

1.  On or about December 16, 2014, Plaintiff served Defendant City of Maplewood (hereafter also "Defendant") with his Second Requests for Production.

2.  On January 12, 2014, Defendant served its responses. Three of these responses contain objections that are unfounded. *See* Defendant's Objections and Responses to Plaintiff's Second Requests for Production, attached to Plaintiff's Memorandum in Support of his Motion to Compel as Exhibit A.

3.  Plaintiff's counsel and defense counsel have corresponded and spoken on the telephone multiple times in attempts to resolve this discovery dispute. *See* January 7, 2015, and January 22, 2015, letters from L. Baumstark to R. Plunket, which are attached to Plaintiff's Memorandum in Support of his Motion to Compel as Exhibits B and C.

Defendant's Response to Request 1

4. Request 1 seeks "and all documents relating or referring to any claims, lawsuits, or complaints of any kind against the City of Maplewood alleging Section 1983 violations, police brutality, excessive force, police misconduct, personal injury, or tortious conduct of a police officer, and occurring within the past 10 years." Exhibit A. p. 1.

5. Defendant objects to Request Number 1 on the bases of three privileges, yet does not provide a privilege log as contemplated by Rule Rule 26(B)(5). The Rule states:

> **(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*
>
> **(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> **(i)** expressly make the claim; and
>
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26.

6. To ensure compliance with Rule 26(B)(5), Plaintiff requests that this Court compel Defendant to do so.

7. Further, Defendant's objections to Request 1 as overbroad and not reasonably calculated to lead to the discovery of admissible evidence are invalid. These materials are relevant to Plaintiff's claims regarding Defendant's pattern and practice of allowing its offices to abuse citizens without fear of repercussions. *See* Second Amended Complaint, ¶ 46, 47.

8.	In light of the invalidity of these objections, Defendant's response subject to them is insufficient, as it refers only to lawsuits alleging excessive force, and addresses only the past five years, rather than the ten year period requested.

Defendant's Response to Request 2

9.	Defendant offered the same objections of privilege and over breadth in response to Request 2, which requests documents relating to *internal* complaints or investigations, rather than the external ones sought in Request 1.  *See* Exhibit A.

10.	In the interest of brevity, Plaintiff simply requests the same relief (namely, a privilege log, a withdrawal of non-privilege-based objects, and a response incorporating all of the inquired about subject matter) regarding Request 2 as it did for Request 1.

Defendant's Response to Request 4

11.	Request 4 seeks Defendant Sergeant Anthony Cavanaugh's personnel file.  *See* Exhibit A, p. 2.

12.	Defendant has objected, claiming that the request is "overbroad, not reasonably limited in time or scope, requests confidential information, and requests information in violation of Sgt. Cavanaugh's right to privacy." *Id.*

13.	Plaintiff disagrees, but has nonetheless offered several different scenarios to Defendant involving either withdrawing his request as to many of the subsections Defendant identified in its response, or allowing Defendant to hold back sensitive documents for *in camera* review by the court.  *See* Exhibits B, C.

14.	Defendant has rejected each such offer, insisting that Plaintiff narrow its request not by excluding identified subcategories of Sgt. Cavanaugh's report, but rather by requesting *only* the remaining categories, which Defendant refuses to name or identify.  *See* Exhibits B, C.

15. This approach requires Plaintiff to "stab in the dark" at what is contained in the file. It prejudices Plaintiff extremely in denying him access to relevant documents and wasting time.

16. Further, multiple cases show courts allowing the discovery of personnel files consistent with Plaintiff's request and suggested compromises. *See Barella v. Village of Freeport*, 296 F.R.D. 102 (E.D. N.Y. 2013) (a district court affirmed an order compelling a municipal defendant to produce the employee files of 24 non-party police department employees). *See also Ceramic Corp. of America v. Inka Maritime Corp.,* 163 F.R.D. 584 (1995) (C.D. Cal. 1995), ("in recent years, the courts have routinely ordered the production of personnel files of third parties in employment discrimination and police brutality cases.") (Emphasis added).

17. Plaintiff has no other method of accessing the documents contained in Sgt. Cavanaugh's file, many of which could bear directly on his history of violence and/or specific factors causing him to be enraged at the time of his encounter with and assault of Plaintiff.

18. Equity and common sense demand that Defendant produce the unprivileged portions of Sgt. Cavanaugh's personnel file, and retain all allegedly privileged information for an *in camera* review by this honorable Court, if necessary.

WHEREFORE Plaintiff Timothy Peterka prays that this Court enter an Order granting his Motion to Compel as to Requests 1, 2, and 4, striking Defendant's objections as to confidentiality, privacy, over broadness, and the scope of Plaintiff's requests, and requiring Defendant to produce the unprivileged portions of Sgt. Cavanaugh's personnel file, to provide privilege logs as to all materials for which it claims a privilege, and retain all allegedly privileged information for an *in camera* review by this honorable Court.  Defendant requests that this Court require Defendant to comply with the attached Order within 10 days.  Plaintiff further requests his costs in litigating this Motion, and for such other and further relief as this Court deems proper.

        COSGROVE LAW GROUP, LLC

By:   /s/ Luke A. Baumstark
       David B. Cosgrove #40980MO
       Luke A. Baumstark #56344MO
       COSGROVE LAW GROUP, LLC
       8021 Forsyth Boulevard
       St. Louis, MO 63105
       dcosgrove@cosgrovelawllc.com
       lbaumstark@cosgrovelawllc.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing filed electronically with the Clerk of the Court this 6th day of February, 2015, to be served by operation of the Court's electronic filing system upon the following: Peter J. Dunne and Robert T. Plunkert, Counsel for Defendants, 100 South Fourth Street, Suite 400, St. Louis, MO 63102, dunne@pspclaw.com plunkert@pspclaw.com

                /s/ Luke A. Baumstark