UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY PETERKA,                    )
                                    )
          Plaintiffs,               )
                                    )
     vs.                            )          Case No. 4:14CV00823 ERW
                                    )
CITY OF MAPLEWOOD, et al.,          )
                                    )
          Defendants.               )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Third

Amended Petition Out of Time [ECF No. 58].

## I.    BACKGROUND

In his second amended complaint, Plaintiff Timothy Peterka ("Plaintiff") makes the

following allegations [ECF No. 22].  Plaintiff, along with Lucinda Martin, was searching for

food in the dumpster of Gordon's Food Service in Maplewood on February 23, 2014.  The

Maplewood Police arrived and proceeded to question Plaintiff and Ms. Martin.  Sergeant

Anthony Cavanaugh ("Defendant Cavanaugh") ordered Plaintiff to sit on the ground while

Officer David Brown returned to his patrol car to search for Plaintiff's information.  After

Officer Brown confirmed Plaintiff's information, Defendant Cavanaugh ordered Plaintiff to

stand up and face the wall.  While Plaintiff was turning towards the wall, Defendant Cavanaugh

yanked Plaintiff by the hood of his jacket.  When Plaintiff turned towards Defendant Cavanaugh,

he kicked Plaintiff's feet out from under him causing Plaintiff to fall and split his chin open.

While on the ground, Defendant Cavanaugh placed Plaintiff in handcuffs.  An ambulance was

called to the scene.  After stopping by the hospital, Plaintiff was taken to the Richmond Heights

Detention Center and placed in a holding cell and processed for resisting arrest and failure to comply. According to Plaintiff's complaint, Plaintiff needed eleven stitches, suffered a sprained wrist, and cracked ribs as a result of this incident.

Besides minor corrections, Plaintiff requests to add the following factual allegations to the complaint [ECF No. 58-1]. Dumpster diving is not a crime in the City of Maplewood. Defendant Cavanaugh had no reasonable suspicion of criminal activity on the part of Plaintiff. Defendant Cavanaugh was in Plaintiff's presence for approximately ten minutes without conducting a pat-down search or investigating any potential crimes committed by Plaintiff. Defendant Cavanaugh administered no medical aid to Plaintiff while waiting for the ambulance to arrive. The Maplewood Police Department conducted an internal affairs investigation in which it refused to interview any of the officers involved or Plaintiff. This investigation found Plaintiff's claims of excessive force to be unfounded. Prior internal affairs investigations have revealed a pattern and practice of conducting inadequate investigations.

Plaintiff also seeks to add allegations to each of his counts against Defendants. Plaintiff seeks to add allegations that Plaintiff's constitutional rights were violated by Defendants conducting a *Terry* stop without any foundation. In Count I, Plaintiff seeks to add language about what is required to conduct a *Terry* stop and that Defendant Cavanaugh was deliberately indifferent to Plaintiff's need for medical treatment. In Count II, Plaintiff seeks to add allegations Defendant City of Maplewood sanctioned customs such as conducting illegal detentions and searches of subjects, failing to preserve evidence, failing to conduct fair and unbiased internal affairs investigations and allowing officers to testify falsely in depositions.

## II.    STANDARD

When a party seeks to amend a pleading after the deadline in the applicable case management order has passed, the request implicates both Federal Rule of Civil Procedure 15 and 16.  Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings.  Fed. R. Civ. P.  16(b) and 15(a).  The FRCP Rule 16(b) good-cause standard should be applied first, then the "when justice so requires" standard of Rule 15(a) is applied.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  Good cause requires a change in circumstance, law, or newly discovered facts.  *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman*, 532 F.3d at 716 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).  If a party has been diligent in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a) including if there is prejudice to the other parties.  *Id*., at 716-17.

## III.    DISCUSSION

Plaintiff's amended complaint contains new allegations which are outlined *supra* but it does not add additional counts against Defendants.  The added allegations concern four primary issues:  (1) unlawful detention and search of Plaintiff, (2) failure to train officers on the requirements to conduct a *Terry* stop, (3) failure to administer medical care to Plaintiff, and (4) lack of an unbiased, diligent internal affairs investigation into Plaintiff's claims.

### A.        Rule 16 – Good Cause Standard

District courts ruling on Rule 16(b) motions focus first, and primarily, on the diligence of the party seeking the modification of the order.  *Sherman*, 532 F.3d at 717.  In the instant case, Plaintiff sought leave to file an amended complaint on April 22, 2015.  The case management order sets May 1, 2015, as the close of discovery and the deadline for filing an amended

complaint was November 10, 2014.[1]  Plaintiff asserts he filed his motion within two weeks of completing depositions of witnesses from which new facts were discovered forming the basis of the amendments to his complaint.  Defendants argue these "new" facts were known by Plaintiff well before the deadline because a video of the incident was produced prior to the deadline and Plaintiff has first-hand knowledge of the incident as he was present.

Both Plaintiff and Defendants are correct.  Some of the facts were already known to Plaintiff prior to the deadline while some were not.  Any new allegations about Defendant Cavanaugh's failure to provide medical care to Plaintiff while waiting for paramedics to arrive was known to Plaintiff, as he was present and conscious during the incident.  Therefore, Plaintiff was not diligent in seeking to amend his complaint in regards to the claims of failure to provide medical care to Plaintiff.  However, the facts concerning the allegedly insufficient internal affairs investigation would not have been known to Plaintiff prior to the disclosure of the internal affair reports and the depositions of the officers.  The deposition of Lieutenant Griffin who conducted the internal affairs investigation was taken just two weeks prior to the filing of Plaintiff's motion.  Plaintiff was diligent in seeking to amend the petition in regards to the internal affairs allegations.

The new allegations concerning Plaintiff's *Terry* stop claims also would not have been known to Plaintiff prior to the officers' depositions because the depositions revealed the officers' states of mind which are central to the claims.  The depositions of these officers occurred at the end of February, 2015.  While this motion to amend was filed several weeks after those depositions, the Court finds Plaintiff to be diligent in seeking to amend as Plaintiff chose to seek amendment once rather than several times after each new piece of information arose.

---

[1] The original case management order contains a deadline for amending the pleadings of November 10, 2014.  The amended case management order proposed jointly by the parties does not include a deadline for amending the pleadings.

Thus, the Court finds Plaintiff was diligent in seeking to amend his complaint in regards to the allegations concerning the *Terry* stop and the internal affairs investigation. However, Plaintiff cannot show good cause to amend in regards to the failure to administer medical care to Plaintiff.

**B.      Rule 15 – When Justice So Requires Standard**

The analysis does not end with a determination the Plaintiff has good cause to amend. Plaintiff must now meet the standard in Rule 15. *Sherman*, 532 F.3d at 715. A district court may deny a motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*. (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

The allegations Plaintiff seeks to add about a *Terry* stop fundamentally change the nature of the count against Defendants. In the current complaint, Plaintiff asserts claims of excessive force against Defendants. Adding a claim for unlawful detention and search pursuant to an improper *Terry* stop changes the Fourth Amendment analysis from a seizure to a search. This would require additional expert testimony. Expert reports and depositions have already been completed in this case. Allowing Plaintiff to add this additional claim would force Defendants to expend considerable resources including time and money in finding and hiring another expert and conducting additional depositions. Similarly, allowing Plaintiff to amend the complaint to include allegations against the City of Maplewood for failure to train officers on the requirements of a *Terry* stop would also cause undue prejudice to Defendants as this claim would likely require additional expert testimony as well. Had Plaintiff sought to amend his complaint prior to the depositions of experts, the analysis may be different. But where experts have already

written reports and been deposed and the deadline for dispositive motions is quickly approaching, allowing Plaintiff to amend his complaint as to these two claims would cause undue prejudice to Defendants.

Plaintiff's new allegations about the internal affairs investigation do not raise the same concerns as to undue prejudice to Defendants.[2] At most, some additional discovery may be needed. The Court will allow the amendment and limited additional discovery should the Defendants require such discovery, at the expense of Plaintiff. All other deadlines will remain as set in the current case management order.

## IV. CONCLUSION

The Court finds Plaintiff has good cause to amend his complaint to add allegations of an insufficient internal affairs investigation as outlined in the proposed third amended complaint attached to Plaintiff's motion for leave to amend [ECF No. 58]. The Court does not find Plaintiff has established good cause, nor can he overcome the undue prejudice to Defendants for the remaining allegations Plaintiff seeks to include.[3] Plaintiff's motion for leave to amend as to these allegations will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Third Amended Petition Out of Time [ECF No. 58] is **GRANTED, in part, and DENIED, in part**.

So Ordered this 7th day of May, 2015.

_E. Richard Webber_

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] By allowing the amendment of the complaint to include allegations of an allegedly insufficient internal affairs investigation, the Court does not suggest such allegations can be the basis of a constitutional violation.
[3] Plaintiff will be allowed to make the other proposed minor corrections to the complaint that do not add new allegations.